IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-05044-01-CR-SW-BP |
| | ) | |
| ANDREW J. SISCO, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

This matter is currently before the Court on defendant Andrew Sisco's Motion to Suppress Search of Storage Units and Suggestions in Support (doc. #28) and Motion to Suppress Search of Residence and Suggestions in Support (doc. #29). For the reasons set forth below, it is recommended that these motions be denied.

I.  INTRODUCTION

On December 8, 2015, defendant was charged in a three count indictment with possessing firearms in and affecting interstate commerce after having been convicted of a crime punishable by imprisonment for more than one year (Count I), receiving a fully automatic machine gun which was not then registered to him in the National Firearms Registration and Transfer Record (Count II), and possessing a silencer which was not then registered to him in the National Firearms Registration and Transfer Record (Count III). (Doc. #1)

Defendant filed motions to suppress two search warrants issued on August 26, 2015, following defendant's arrest on an Arkansas warrant. The first warrant, Government Exhibit 1, was issued for three storage units at Neosho RV Boat and Mini Storage. The second warrant,

Government Exhibit 2, authorized a search of the defendant's residence and was obtained after the execution of the search of the storage units. Both motions allege that the applications and supporting affidavits "wholly lack probable cause and any nexus to the places designated to be searched, thus violating Mr. Sisco's Fourth Amendment right against unreasonable search and seizure." (Docs. #28 and #29 at 1)

## II. FACTUAL INFORMATION

The Affidavit, given in support of the search warrant for 18732 Highway 59, Neosho, Missouri, Building #3, Unit #13, Building #5, Unit #2, and Building #6 Unit #14 (the three storage units at Neosho RV Boat and Mini Storage), provides in part:

> On August 26, 2015, Officer Joel Mace was on patrol when he located an Andrew Sisco on the property at 18732 Hwy 59 Neosho Mo., Newton County which is Neosho RV Boat and Mini Storage. Joel made contact with the subject around 2 AM. Andrew was arrested for warrant [sic] that he had out of Arkansas. While Joel was talking to Andrew he stated that he has three storage units rented there. Andrew stated that one of units was #13 but couldn't remember the other unit's. Joel made a phone call to the manger [sic] who stated that she knew of one at Building #6 Unit #14 but she didn't have the paperwork at home with her to know the other unit numbers.

> On January 22nd, 2015, Detective Todd Morgan had pulled over Andrew Sisco and had located some pills, glass pipe that is used for smoking methamphetamine and empty baggies and green leafy substance believed to be Marijuana. Andrew was arrested for Possession of Controlled Substance.

> On August 9th, 2014, Sergeant Jerry Hornback pulled over an Andrew Sisco on Kerman Lane in Neosho Mo., Newton County. At that time we did inventory search of the vehicle that was driven by Andrew Sisco and located approximately 10.0 grams of methamphetamine and a gun that was located by the methamphetamine. Andrew was arrested for Possession of Controlled Substance. When Andrew was arrested he had several keys to different storage units on him.

> Andrew has been a suspect in ongoing investigation of moving large amounts of Methamphetamine from Wichita Kansas to Neosho Missouri. We have tracked Andrew going to Wichita Kansas and back to Neosho Missouri on

2

numerous occasions but have been unable to get Andrew stopped on his way back.

We have had several sources of information stating that Andrew goes to Kansas and brings back large amounts of methamphetamine and stores it at the storage units.

On August 18th, 2015 officers had been looking for a Red Dodge Magnum vehicle that had been involved in a pursuit with Detective Todd Morgan. Deputy Bill Hayes located that vehicle inside the gate at 18732 Highway 59 Neosho Missouri which is Neosho RV boat and Mini Storage. After talking to the individual he was identified as David Mitchell. David's car was searched after a K-9 dog had searched the vehicle and had gotten an active alert on the vehicle. Inside the vehicle we located white crystal substance that fielded tested positive for methamphetamine and weighed approximately 15.9 grams. David would not tell us the correct unit that he was renting and we had to call the manger [sic] to get the unit number. David was arrested for Distribution of a Controlled Substance. This is the same storage units where Andrew was arrested at.

In July of 2015 Detective Travis Spencer was contacted by an employee at Wal-Mart in Neosho Missouri who stated that a David Mitchell had been out there on Jure 8th, 2015 and had gotten a money order and had sent it to Andrew Sisco in Kansas.

(Gov. Ex. 1)

This warrant authorized a search for:

Methamphetamine, Chemicals used in the Manufacturing of Methamphetamine, Marijuana, United States Currency, any paperwork pertaining to narcotic activity and any paraphernalia used to consume methamphetamine, any electronic records or media which may contain evidence of illegal narcotics activity, or any other contraband, or stolen property, or illegal weapons, all persons present, entering and exiting the residence, all vehicles located on the premises ….

(Gov. Ex. 1)

The affidavit in support of the warrant application for the defendant's residence contained

all of the forgoing paragraphs and then added the following information:

On August 26, 2015, deputies served a search warrant on three storage units that are being rented to Andrew Sisco and located three stolen motorized vehicles, packaging that appears to be for a large quantity of narcotics, and

3

several items of drug paraphernalia. Located in the units where drug paraphernalia was recovered is mail that lists Andrew Sisco's residence as 808 Flower Box Lane, Neosho, Newton County, Missouri. Additionally, upon book-in at the Newton County Jail, Andrew Sisco listed his current address as 808 Flower Box Lane, Neosho, Newton County, Missouri.

(Gov. Ex. 2)

This warrant authorized a search for:

Methamphetamine Chemicals used in the Manufacturing of Methamphetamine, Marijuana, United States Currency, any paperwork pertaining to narcotics activity and any paraphernalia used to consume methamphetamine, any electronic records or media which may contain evidence of illegal narcotic activity, or any other contraband, or stolen promptly, or illegal weapons, all person present, entering, and exiting the residence, all vehicles located on the premises ....

(Gov. Ex. 2)

Detective William A. Pike, of the Newton County Sheriff's Office, prepared the search warrant application and affidavit for the storage units at Neosho RV Boat and Mini Storage, Government Exhibit 1, and Deputy Chad M. Harris, also of the Newton County Sheriff's Office, prepared the search warrant application and affidavit for defendant's residence, Government Exhibit 2. (Transcript of Hearing on Motions to Suppress at 42-43, 59-60) Both officers testified that there was no false information in the warrant documents and based upon the circuit judge issuing the warrants, they believed they had authority to search the respective locations described in the warrants. (Tr. at 45-46, 61-62)

## III. DISCUSSION

In support of the motions to suppress, defendant Sisco argues: (1) the search warrants issued were not supported by probable cause because (a) the information was stale, (b) the information was conclusory with no verification, (c) the information lacked connection between criminal activity and Mr. Sisco, and (d) the information lacked any indicia of criminal

4

wrongdoing; (2) the affidavits lacked any nexus between the alleged activity and the location to be searched; and (3) the officers' reliance on the search warrants was unreasonable and, thus, the Leon good faith exception is inapplicable. (Docs. #28 and #29)   The government contends that the affidavits in support of the warrants were sufficient to establish probable cause, but that because the Leon good faith exception applies, the Court need not reach the underlying question of probable cause. (Doc. #31 at 1)

For a search warrant to be valid, the "warrant must be based upon a finding by a neutral and detached judicial officer that there is probable cause to believe that evidence, instrumentalities or fruit of a crime, contraband, or a person for whose arrest there is probable cause may be found in the place to be searched." Walden v. Carmack, 156 F.3d 861, 870 (8th Cir. 1998). However, before reviewing the existence of probable cause, the Court may first consider the applicability of the good faith exception to the exclusionary rule established in United States v. Leon, 468 U.S. 897 (1984).  See United States v. Proell, 485 F.3d 427, 430 (8th Cir. 2007).  If the Court concludes that the officers acted in good faith in relying on a warrant to conduct a search, there is no need to consider the underlying issue of probable cause.  Id.  Thus, in the circumstances of this case, the Court will first consider the applicability of the Leon good faith exception.

A.     The Leon Good Faith Exception

Even if an affidavit in support of a search warrant fails to provide probable cause for the issuance of a warrant, the Leon good faith exception will support the admissibility of the evidence seized pursuant to the warrant if it appears that the officers executing the warrant were acting in "objectively reasonable reliance" on a warrant issued by a neutral judge.  See United

5

States v. Leon, 468 U.S. 897, 922 (1984); United States v. Murphy, 69 F.3d 237, 241 (8th Cir. 1995), cert. denied, 516 U.S. 1153 (1996).

The good faith inquiry is confined to the "objectively ascertainable question" of whether a reasonably well trained officer should have known that the search was illegal despite the issuing judge's authorization. See United States v. Hudspeth, 525 F.3d 667, 676 (8th Cir. 2008); United States v.Puckett, 466 F.3d 626, 629-30 (8th Cir. 2006). As the Eighth Circuit has explained, in considering whether there is good faith reliance:

> Ordinarily, a police officer cannot be expected to question a judge's probable cause determination. Suppression is an appropriate remedy if the judge, in issuing the warrant, was misled by information in the affidavit that the affiant knew or would have known it was false except for the affiant's reckless disregard for the truth. Evidence should be suppressed only if the affiant-officer could not have harbored an objectively reasonable belief in the existence of probable cause.

United States v. Murphy, 69 F.3d at 241 (8th Cir. 1995)(quoting United States v. Gibson, 928 F.2d 250, 253-54 (8th Cir. 1991)).

Stated another way, there are four circumstances in which the Leon good faith reliance doctrine does not apply: (1) the affiant misled the judge by including information in the affidavit that the affiant knew was false or would have known was false, except for a reckless disregard for the truth; (2) no reasonably well-trained officer could rely on the warrant, as it was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; (3) the judge wholly abandoned his neutral and detached position and acted as a rubber stamp; or (4) the warrant itself is so facially defective that the executing officer cannot presume its validity. See United States v. Leon, 468 U.S. 897, 922-23 (1984).

B.    Application of the Leon Good Faith Exception

Defendant claims that two of the four circumstances in which <u>Leon</u> does not apply are present and intertwined in this case: "the complete lack of probable cause rendering it unreasonable that any officer would rely on it and the issuing court completely abandoning its judicial role." (Docs. #28 and #29 at 11)  In support of this argument, defendant relies on the Eighth Circuit's ruling in <u>United States v. Luloff</u>, 15 F.3d 763 (8th Cir. 1994).  Defendant cites this case for the proposition that "information about drug transactions that occurred a year prior, standing alone, [was] insufficient to establish probable cause."  (Docs. #28 at 11; #29 at 11)

In <u>Luloff</u>, the district court's decision granting the defendant's motion to suppress was reversed by the appellate court. The Eighth Circuit found that the affidavit being evaluated for probable cause should not be assessed paragraph by paragraph, but rather based upon the affidavit as a whole.  15 F.3d at 767.  Thus, where stale information concerning the defendant's prior drug transactions was coupled with more current information from a confidential informant indicating that the defendant was continuing to traffic drugs, probable cause had been established.  <u>Id.</u> at 767.[1]  Having found the existence of probable cause, the court in <u>Luloff</u> did not even discuss the <u>Leon</u> good faith exception. Thus, the case provides no support for defendant Sisco's argument that the <u>Leon</u> good faith exception does not apply in this case.

Defendant Sisco seems to argue that <u>Leon</u> does not apply because the warrants were not supported by probable cause.  However, if a lack of probable cause prevented the application of the <u>Leon</u> objective good faith doctrine, this exception would be devoid of substance.  <u>See</u> <u>United States v. Bynum</u>, 293 F.3d 192, 195-96 (4th Cir. 2002).  For the <u>Leon</u> good faith exception not to

---

[1] Although the Court has concluded it need not reach this issue, the holding in <u>Luloff</u> would seem to support a finding that probable cause existed for the issuance of the search warrants in this case.

apply, the search warrant affidavit must be "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Id. In United States v. Wilhelm, 80 F.3d 116 (4th Cir. 1996), the Fourth Circuit refused to apply Leon where the officer's affidavit in support of the warrant was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. In that case, the warrant affidavit was based upon an anonymous telephone tip that the caller had seen marijuana being sold in defendant's home in the last 48 hours. Id. at 118. The only corroborating information was that the anonymous caller's directions to the defendant's house were correct and that the caller's description of the marijuana and sales transaction was consistent with the officer's knowledge of marijuana packaging and sales. Id. at 118, 121. In suppressing the evidence obtained from the search warrant, the court concluded that the officer could not reasonably rely on a warrant where the only information presented was based upon an unknown, unavailable caller with no corroboration of the facts on which the warrant was based. Id. at 123.

Here, the factual support for the warrant included information that defendant had been stopped in possession of pills, a glass pipe for smoking methamphetamine, empty baggies and a substance believed to be marijuana on January 22, 2015. He had been found in possession of ten grams of methamphetamine and a gun in August of 2014. He had been suspected in an ongoing investigation of moving large amounts of methamphetamine from Wichita, Kansas to Neosho, Missouri, and agents had tracked him going back and forth between these destinations on numerous occasions. When Mr. Sisco was found at the storage units at 2:00 a.m. on August 26, 2015, with his mother, they told one another to keep their lips sealed. David Mitchell, an acquaintance of Mr. Sisco, as evidenced by a money order transfer from Mitchell to Sisco in the

8

summer of 2015, was found at the storage units where Mr. Sisco rented lockers with 15.9 grams of methamphetamine approximately one week before Mr. Sisco's arrest. In addition to finding stolen vehicles, packaging material for drugs and drug paraphernalia at the storage units, officers also found mail from the defendant's home address. Only after the execution of the warrant on the storage lockers, did officers apply for and obtain a warrant for the residence listed in the paperwork at the storage facility. This is certainly more information than that contained in the barebones affidavit which the court in <u>Wilhelm</u> deemed insufficient for application of the <u>Leon</u> good faith exception to the exclusionary rule.

Defendant also maintains that the issuing court abandoned its judicial role and acted as a rubber stamp for the police. However, a showing that a warrant has been issued by a judge acting as a "rubber stamp" requires more than merely demonstrating that the affidavit failed to establish probable cause. <u>See</u> <u>United States v. Gary</u>, 420 F.Supp.2d 470, 486 (E.D. Va. 2006), <u>aff'd</u>, 528 F. 3d 324 (4th Cir. 2008), <u>cert</u>. <u>denied</u>, 555 U.S. 1123 (2009). As the Court in <u>Leon</u> explained, the good faith exception will not apply where a judge compromises his judicial neutrality and acts instead as "an adjunct law enforcement officer." <u>United States v. Leon</u>, 468 U.S. 897, 914 (1984)(citing <u>Lo–Ji Sales, Inc. v. New York</u>, 442 U.S. 319, 326–27 (1979)). No evidence was presented by defendant Sisco to show that the judge who signed the warrants at issue was acting as "an adjunct law enforcement officer" or as a "rubber stamp."

Contrary to defendant's argument, there is no basis for concluding that the <u>Leon</u> good faith exception to the exclusionary rule does not apply in this case. Accordingly, even if defendant is correct in his assertion that one or both of the warrants lacks probable cause, the evidence obtained from the search of the storage units and the residence should not be

9

suppressed.

IV.  <u>CONCLUSION</u>

Based on the foregoing, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying defendant's Motion to Suppress Search of Storage Units (doc. #28) and Motion to Suppress Search of Residence (doc. #29).

Counsel are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same.  A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.


*/s/ David P. Rush*
_____
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE
